# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA D. GILBERT,<br><br>                Petitioner,<br><br>v.<br><br>SAN BERNARDINO and COALINGA,<br><br>                Respondents. | Case No.: 19cv2052-GPC (AHG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a person detained at the California Department of State Hospitals, Coalinga, is proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Petition is subject to dismissal without prejudice for failure to satisfy the filing fee requirement, failure to name a respondent, failure to sign the Petition, and failure to state a cognizable habeas claim.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

## **FAILURE TO NAME PROPER RESPONDENT**

On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing

Rule 2(a), 28 U.S.C. foll. § 2254. "Typically, that person is the warden of the facility in which the petitioner is incarcerated." *Id.* Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). Here, Petitioner has incorrectly named "San Bernardino" and "Coalinga" as respondents.

## **FAILURE TO SIGN PETITION**

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition must be printed, typewritten or legibly handwritten; and be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c), 28 U.S.C. foll. § 2254. Here, Petitioner has failed to sign the Petition.

## **FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

2
19cv2052-GPC (AHG)

Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Here, Petitioner does not identify any claims, but sets forth what appears to be a narrative regarding how he came to be housed at the California Department of State Hospitals, Coalinga. (ECF No. 1 at 3-4.) In no way does he claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Thus, as currently pleaded, Petitioner has failed to state a cognizable habeas claim.

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** the Petition without prejudice for failure to satisfy the filing fee requirement, failure to name a proper respondent, failure to sign the Petition and failure to state a cognizable habeas claim. If Petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or submit a request to proceed in forma pauperis **and** file a First Amended Petition which is signed, names a proper respondent, and states a cognizable federal habeas claim on or before **December 31, 2019**.

**IT IS SO ORDERED.**

Dated: October 31, 2019

Hon. Gonzalo P. Curiel
United States District Judge